[No. 7,507.—Department One.]
February 2, 1881.

## B. F. MEYERS *v.* D. M. KENFIELD.

SALARY OF JUDGE—CONSTITUTIONAL LAW.—There is nothing in the provision of Section 24, Article vi., of the Constitution, which indicates the intention that a forfeiture of salary should be the result of a failure of a judge to decide all cases within ninety days; but the purpose of the provision was to prohibit the Judge from receiving his monthly salary until all cases submitted for ninety days should be decided.

APPLICATION for writ of *mandamus.*

*A. C. Freeman,* for Plaintiff.

MORRISON, C. J.:

This is an application for a peremptory writ of *mandamus.* The plaintiff is the Superior Judge in and for the County of Placer, and the defendant is the Controller of the State of California.

The petition sets forth "that on the twelfth day of October, 1880, there was due this affiant from the State the sum of $250, his salary as such Judge aforesaid, payable by the State, for the months of August and September, 1880. That on said twelfth day of October, 1880, he applied to said Controller for said salary (meaning for his warrant upon the Treasurer of State for said sum of money due him as aforesaid), and accompanied said application with his affidavit * * * to the

effect that no cause in his Court remained undecided that had been submitted to him for decision for the period of ninety days; that thereupon said Controller gave him his warrant for $125, but refused his warrant for the remaining $125.

The answer of defendant is as follows: " That on the thirty-first day of August, 1880, the warrant for the petitioner's salary for the month of August, 1880, was prepared by respondent for delivery to said petitioner; that said warrant still remains in the office of respondent undelivered; that petitioner has not at any time presented to respondent, or filed in the office of Controller of State, any affidavit showing that on the thirty-first day of August, 1880, no cause in petitioner's Court remained undecided that had been submitted to him for decision for the period of ninety days. To this answer the plaintiff interposed a demurrer, and the only question for us to determine is, Does the answer set up any defense?

The ground taken by the Controller is, that to entitle the plaintiff to his salary for the month of August it must appear that on the thirty-first day of that month no case remained undecided that had been submitted for ninety days. The position taken by the Controller is, in plain language, simply this: That if a Judge allows any cause to remain undecided for the period of ninety days, he forfeits the salary for the month immediately preceding the expiration of such term of ninety days.

The provision of the Constitution is that "no Judge of a Superior Court nor of the Supreme Court shall, after the first day of July, 1880, be allowed to draw or receive any monthly salary unless he shall take and subscribe an affidavit, before an officer entitled to administer oaths, that no cause in his Court remains undecided that has been submitted for decision for the period of ninety days."

There is nothing in the foregoing constitutional provision which indicates the intention that a forfeiture of salary should be the result of a failure to decide all cases within ninety days. But the purpose of the provision was, to prohibit the Judge from receiving his monthly salary until all cases that had been submitted for ninety days were decided. If, for instance, there were cases pending undecided on the thirty-

CAL. REPS. LXII—33

first day of August, which had been submitted for ninety days, the Judge was not entitled at that time to his salary for that month; but if such cases were decided on the first of September, he would then have a right to demand immediately a warrant for his salary for August. We find no difficulty in holding that such is the meaning of the clause in the Constitution (Article vi., Section 24). Demurrer sustained.

Let the writ issue as prayed for.

Ross and THORNTON, JJ., concurred.